IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-60121
Summary Calendar

In Re:

GRAND JURY SUBPOENA

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:07-MC-21

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.
PER CURIAM:[*]

The appellant, Sarah O'Reilly-Evans, the City Attorney of Jackson, Mississippi, appeals the denial of her motion to quash a grand jury subpoena. The grand jury was investigating possible civil rights violations by the mayor and other city officials. O'Reilly-Evans states the issues on appeal as follows:

1. Whether federal law recognizes the existence of an attorney-client privilege between a government attorney and that attorney's client.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2. Whether the United States put forth sufficient facts to demonstrate that an exception to the attorney-client privilege was warranted.

We need not address the legal issues. The grand jury issued indictments, and even though O'Reilly-Evans has completed her grand jury testimony, she claims that the appeal needs to be decided on the merits, because she might be called as a witness in the ensuing criminal trial. She also argues that "this situation will undoubtedly arise in the future, and the broader legal question of whether a government attorney enjoys the attorney/client privilege with a government official must be answered.

In its main brief on appeal, the government contends that the appeal should be dismissed as moot. Irrespective of whether it was moot at the time of the initial briefing, later events have rendered it so. The government has filed a renewed motion to dismiss as moot, pointing out that there will not be a trial, because the mayor has died, and the other remaining defendant has pleaded guilty.

This controversy is at an end. Any theoretical possibility that O'Reilly-Evans will be subpoenaed to testify in a matter arguably subject to the attorney-client privilege is so attenuated that we should not address the issue, and we decline to do so.

The renewed motion to dismiss the appeal as moot is GRANTED. The appeal is DISMISSED.